1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

7
8

JOHNANAS JOHNSON and JENNIFER
JOHNSON, husband and wife,

No.

9

                                  Plaintiffs,

**COMPLAINT FOR DAMAGES FOR
PERSONAL INJURIES**

10

    v.

11

UNITED STATES OF AMERICA,

12

                                  Defendant.

13

14

15

        COME NOW the Plaintiffs, above-named, by and through their attorneys of record,

Stritmatter Kessler Koehler Moore and Parker, Winkelman & Parker, P.S. and for cause of action

16

against the Defendant, allege and state as follows:

17

### I.  STATUS OF THE PARTIES

18

        1.1     Plaintiffs Johnanas Johnson and Jennifer Johnson are husband and wife and reside

19

in Hoquiam, Washington.

20

        1.2     The United States Postal Service (USPS) is an agency of Defendant United States

21

of America.  The claims asserted herein against the USPS are treated at law as claims against the

22

United States of America.

23

24

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES - 1

## II. JURISDICTION AND VENUE

2.1     On December 3, 2019, Plaintiffs mailed federal tort claims to the Chief Counsel, Torts, General Law Service Center, USPS National Tort Center, 1720 Market Street, Room 2400, St. Louis, MO  63155-9948.  A true and correct copy of the December 27, 2019 letter from Ann Mandernach, Tort Claims Examiner/Adjudicator with the USPS Law Department National Tort Center acknowledging receipt of the federal tort claims is attached as **Exhibit A**.  The letter from Ann Mandernach states that the tort claims were received by the USPS on December 12, 2019 and that "the Postal Service has six months from December 12, 2019 in which to adjudicate these claims."  More than six months have passed since December 12, 2019, and the Postal Service has failed to respond to the tort claims other than the December 27, 2019 letter from Ann Mandernach. Pursuant to 28 U.S.C. § 2675(a), Plaintiffs opt to deem the Postal Service's failure to make a final disposition of the claims within six months after they were filed as a final denial of the claims and proceed with the filing of this lawsuit.

2.2     The federal tort claims referenced above concerned the circumstances and injuries alleged herein.

2.3     The United States District Court has original jurisdiction over the subject matter of the claims asserted herein against the United States of America (USPS).

2.4     Venue for this matter exists in the United States District Court for the Western District of Washington at Tacoma, because the Plaintiffs reside within this judicial district, and the acts and omissions that are the subject matter of this lawsuit occurred within this judicial district.

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES - 2

STRITMATTER KESSLER KOEHLER MOORE

413 - 8th Street
Hoquiam, WA  98550
Tel: 360-533-2710

### III. FACTS FORMING THE BASIS FOR LIABILITY

3.1     November 10, 2018 was a beautiful fall day.  Plaintiff Johnanas "John" Johnson practiced with the soccer team he coached in the morning and then went to the Bishop Athletic Complex in Aberdeen, Washington to watch a soccer game.  Since it was a nice day and he was going by himself, he decided to ride his motorcycle to the soccer game.  After enjoying the soccer game, he put his motorcycle gear on and left for home.

3.2     On his way home, shortly before 11:00 a.m., Mr. Johnson stopped at a 7-Eleven store (411 S. Boone St., Aberdeen, WA) to put gas in his motorcycle.  Upon leaving the 7-Eleven parking lot, he turned left onto McFarland Street and stopped at a STOP sign at the intersection of McFarland Street and Boone Street.  Mr. Johnson had his left turn signal on, indicating his intention to turn left (north) onto Boone Street.

3.3     At the same time, a USPS truck driven by Michael Murray was delivering mail to the Thai Carrot restaurant at 412 S. Boone Street.  After delivering the mail, Mr. Murray was stopped in the Thai Carrot parking lot, facing Boone Street, intending to turn left (south) onto Boone Street.

3.4     Boone Street has two southbound lanes, two northbound lanes, and a center turn lane.

3.5     After checking that traffic was clear, Mr. Johnson pulled out and crossed the two southbound lanes of Boone Street and entered the center/turn lane, intending to move over into the left/inside northbound lane, at which time the right front of his motorcycle was struck by the USPS truck driven by Mr. Murray, which had accelerated from the Thai Carrot parking lot through the northbound lanes of Boone Street.

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES - 3

3.6     A video camera at the 7-Eleven store captured the collision.  City of Aberdeen Police Officer Brandi Zieber reviewed the video and summarized it as follows:

> I obtained video of the collision from the 7-Eleven.  I observed Unit 1 [the USPS vehicle] cross the roadway directly in front of Unit 2 [Mr. Johnson's motorcycle], which had just turned onto Boone St. from McFarland St.  Unit 2 appeared to have accelerated at a reasonable speed.  There was enough distance between McFarland St. and where the collision occurred that I believe there to be no reason Driver 1 [Murray] would not have had enough time to see Unit 2 traveling north.

3.7     Consistent with the video footage, eyewitness Frederick Doe stated that Mr. Johnson had pulled out onto Boone Street and was in the center turn lane when the USPS truck pulled out onto Boone Street.

3.8     RCW 46.61.205 provides as follows:  "The driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right-of-way to all vehicles lawfully approaching on said highway."

3.9     Mr. Murray failed to yield the right of way to Mr. Johnson.

3.10    The negligence of USPS employee Michael Murray was a proximate cause of the collision and the resulting injuries and damages to Plaintiffs.

3.11    Defendant United States of America is liable for the negligence of USPS employee Michael Murray.

3.12    Mr. Johnson was thrown from his motorcycle as a result of the impact.  His shoes came off.  His body was thrown into the air, and he landed on the pavement on his back.  He slid on his back and then rolled over onto his stomach.

3.13    The tip of Mr. Johnson's right middle finger was amputated, and he had an avulsion to the tip of his right index/pointer finger.  The nail bed of his right index finger was almost

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES - 4

completely torn off.  His finger injuries required surgical treatment.  Mr. Johnson also had injuries to his ribs, abdomen, right knee, left hand, both feet, low back and tailbone, and left buttock.

## IV. DAMAGES

4.1     As a direct and proximate result of Defendant's tortious conduct, Plaintiff John Johnson sustained injures, damages and losses, including but not limited to:

a.   Economic

i.   Medical Expenses, both past and future;

ii.   Loss of earnings, both past and future;

iii.   Impairment of earning capacity;

iv.   Other out-of-pocket expenses; and

v.   Other recoverable economic damages, all in amounts to be proven at trial.

b.   Non-economic

i.   Past and future pain;

ii.   Past and future physical and emotional suffering;

iii.   Past and future disability;

iv.   Past and future disfigurement and scarring;

v.   Past and future loss of enjoyment of life;

vi.   Other recoverable non-economic damages, all in amounts to be proven at the time of trial.

4.2     As a direct and proximate result of Defendant's tortious conduct, Plaintiff Jennifer Johnson suffered a loss of consortium, including the company, cooperation and aid of her husband John Johnson, as well as love, affection, care, society, services, companionship, and assistance from one spouse to the other.  The character and nature of their relationship and interaction were altered and damaged, all to Jennifer Johnson's general damages, in an amount to be proved at trial.

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES - 5

# V. PRAYER FOR RELIEF

Based upon the foregoing, Plaintiffs pray for judgment against Defendant as follows:

a.   A judgment of liability against the Defendant for the Plaintiffs' injuries and losses;

b.   Compensation for all economic losses sustained by the Plaintiffs, past and future;

c.   Compensation for all non-economic losses sustained by the Plaintiffs, past and future;

d.   Pre-judgment interest, to the extent permitted by law;

e.   Reasonable and statutory attorney's fees and costs to the extent permitted by law; and

f.   Such other and further relief as the Court deems just.

DATED this 19th day of June, 2020.

STRITMATTER KESSLER KOEHLER MOORE

/s/ Ray W. Kahler
Ray W. Kahler, WSBA #26171
Co-Counsel for Plaintiffs


PARKER, WINKELMAN & PARKER, P.S.

/s/ Benjamin R. Winkelman
Benjamin R. Winkelman, WSBA #33539
Co-Counsel for Plaintiffs

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES - 6

413 - 8th Street
Hoquiam, WA  98550
Tel: 360-533-2710

LAW DEPARTMENT
NATIONAL TORT CENTER


UNITED STATES
POSTAL SERVICE

**RECEIVED**
**DEC 30 2019**
**STRITMATTER KESSLER WHELAN**

December 27, 2019

Mr. Ray Kahler
SKKM
413 8th St.
Hoquiam, WA 98550

Re:   Your Clients:      Johnanas Johnson and Jennifer Johnson
      Date of Incident:  November 10, 2018
      NTC Claim No.:     NT201975902 & NT201975903

Dear Mr. Kahler:

Please be advised that the administrative claims filed on behalf Johnanas Johnson
and Jennifer with the United States Postal Service on December 12, 2019 have
been assigned to my office for adjudication.

I am currently in the process of reviewing these claims in order to make the
determination as to any legal liability on the part of the Postal Service for the injuries
sustained by your clients.  These claims will be adjudicated as soon as possible, but
be aware that the Postal Service has six months from December 12, 2019 in which
to adjudicate these claims.  Should you have any additional information you wish to
submit that would be helpful in the review of these matters, please forward same to
my attention at the National Tort Center, United States Postal Service, 1720 Market
Street, Room 2400, St. Louis, Missouri 63155-9948.

Sincerely,

Ann Mandernach
Tort Claims Examiner/Adjudicator
Tel:  314/345-5847

/bkh

cc:   Joel A. Oblero
      Tort Claim Coordinator
      File No. 980-19-00411539A