UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHNANAS JOHNSON; JENNIFER JOHNSON,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　Defendant. | CASE NO. C20-5581 MJP<br><br>ORDER FOR REMOTE / VIRTUAL CIVIL BENCH TRIAL |

　　　　The Court ORDERS that the bench trial scheduled to commence on December 6, 2021 shall be held from 9:00 AM to 3:30 PM for up to five days and shall be conducted using the following procedures and protocols.

**A.**　　**Remote / Virtual Trial Format**

　　　　1.　The entire trial will take place using the ZoomGov.com platform. The parties, counsel, witnesses, and court staff will not be physically present in the courtroom.

  2. The public will have telephonic access via a number published on the Court's trial calendar. Any member of the public may request video access by contacting the Trial Coordinator.

**B.** <u>**Preparation**</u>

  1. Counsel shall familiarize themselves with the ZoomGov.com and Box.com platforms by reviewing the tutorials located at https://www.wawd.uscourts.gov/attorneys/remotehearings.

  2. Counsel shall ensure that they and each of their witnesses have the hardware, software, data bandwidth, and Internet access required to participate remotely. The minimum system requirements are posted at https://www.wawd.uscourts.gov/attorneys/remotehearings.

  3. Counsel shall also ensure that they have one or more alternative means of communicating with their clients and witnesses, as well as with the Court, outside the ZoomGov.com platform (*e.g.*, via cellular phone or email).

  4. Counsel shall consider establishing a high-speed Internet connection (a hard-wired connection is generally preferable to a wireless Internet connection). Counsel shall also consider the feasibility of participating from their office if the impact of others requiring Internet usage during the proceedings might impact a participant's connection speed.

  5. Parties and counsel are to participate with the court and court staff for a technology check to occur at date and time to be set by the Court. Counsel shall contact the Trial Coordinator to schedule this technology check.

C.   **Recording**

1. The Court will provide a court reporter for the trial. No part of the trial may be reproduced, distributed, or transmitted in any form or by any means, in whole or in part, by any participant (attorney, party, witness) or public observer. This prohibition includes any audio or video recording, photographs, and/or screenshots. The parties and counsel shall ensure that each trial participant for which they are responsible acknowledges and agrees to this prohibition.

D.   **Witnesses and Participants**

1. Counsel shall provide, via email to the Court's Trial Coordinator and Courtroom Deputy, Grant Cogswell (grant_cogswell@wawd.uscourts.gov or (206) 370-8949), the following information for each party, attorney, paralegal, legal assistant, trial or technical consultant, and witness who will participate remotely:

   - Name
   - Email address
   - Phone number
   - Participant status (*e.g.*, party, attorney, witness, etc.)

2. Prior to trial, the Court's Trial Coordinator will supply to counsel the links for the ZoomGov.com sessions. Counsel shall forward the links to other participants, including witnesses, as appropriate.

3. After using the link to access the ZoomGov.com session, participants will enter a virtual waiting room. They will be admitted from the virtual waiting room into

the virtual courtroom when appropriate.  Counsel are responsible for notifying witnesses when and how they are expected to report to the virtual waiting room.

4. Participants who will not be examining witnesses, testifying, or otherwise presenting matters during the proceedings (e.g., attorneys, paralegals, legal assistants, and trial or technical consultants) shall use the ZoomGov.com platform controls to mute their microphones and deactivate their cameras.

5. During the virtual hearing, each party will be visible on video with microphones muted.

6. Counsel and the witness are not to communicate through any other device or method while the witness is testifying.  Counsel and the witness may not be in the same room.

E. **Exhibits**

1. The original and one copy of the trial exhibits are to be delivered to chambers two (2) judicial days before the trial date.  Exhibits shall be bound in one or more three-ring notebook and appropriately tabbed by exhibit number.  Each exhibit shall be clearly marked.  Exhibit tags are available in the Clerk's Office.

2. Plaintiffs' exhibits shall be numbered consecutively beginning with 1; Defendant's exhibits shall be numbered consecutively beginning with the next number series not used by plaintiff.  Duplicate documents shall not be listed twice: once a party has identified an exhibit in the pretrial order, any party may use it.  Each set of exhibits shall be submitted in individual file folders with appropriately numbered tabs.

3. All exhibits shall be uploaded by counsel to the "USAfx Box.com" platform via one or more links that the Court's Trial Coordinator will provide via email prior to the trial date.

4. Exhibits as to which admissibility has been stipulated shall be uploaded to the Box.com folder labeled "Admitted Exhibits." Exhibits as to which admissibility is disputed shall be uploaded to the respective Box.com folders labeled "Plaintiffs' Proposed Exhibits" and "Defendants' Proposed Exhibits." At the end of each trial day, the Court's Trial Coordinator and counsel will confer, and the Court's Trial Coordinator will transfer into the "Admitted Exhibits" folder any exhibits in the folders for "Plaintiffs' Proposed Exhibits" and "Defendants' Proposed Exhibits" that have been offered and admitted into evidence.

5. After the close of evidence, the Court's Trial Coordinator and counsel will confer to confirm that the "Admitted Exhibits" folder accurately reflects the evidence admitted during the course of trial.

6. While testifying, each witness shall have available a copy of any exhibit that he or she will be expected to use or examine during the trial. The witness shall not access any copy of an exhibit unless and until instructed to do so by the examining counsel. With regard to exhibits as to which admissibility is disputed, the Court will conduct proceedings during which counsel may present arguments and, if necessary, voir dire witnesses, using the screen-sharing function in ZoomGov.com to display the exhibits at issue from the respective Box.com folders. To the extent possible, the Court will rule on the admissibility of exhibits before a witness who is expected to use or examine such exhibits testifies.

7. The parties shall comply with Local Civil Rule 32(e) concerning the use of depositions at trial. Video depositions that are used as substantive evidence shall be broadcast via ZoomGov.com using the screen-sharing function. Counsel may, but are not required to, upload video depositions to their respective Box.com folders, but the recordings will not be transferred to the "Admitted Exhibits" folder. Transcripts of depositions used during the trial as substantive evidence need not be sealed prior to their use. Transcripts of depositions used during the trial for impeachment, however, should be sent to the witness ahead of the examination in a sealed envelope, to be unsealed in front of the Court.

8. If a program or platform other than Box.com will be used to publish exhibits to the Court, then counsel shall file, prior to the first day of trial, a certification signed under penalty of perjury indicating that the exhibits to be displayed to the Court using the other program or platform are identical to the exhibits uploaded into the folders on Box.com. The parties may use trial presentation technology to present exhibits through the screen share function in ZoomGov.com.

F. **Professionalism During the Trial**

1. **Ambient Noise Protocols**: All participants who are not actively being questioned as a witness, asking questions of a witness, defending a witness, or providing or responding to opening statements, closing arguments, or other arguments, shall use the ZoomGov.com platform controls to mute their microphone and deactivate their video camera. The Court's Trial Coordinator, who will "host" the ZoomGov.com sessions, will mute any participant who fails to follow this protocol. Participants using multiple devices in a single workspace to access the

trial should avoid audio feedback issues by using the microphone and speakers on only one device at a time, or by using headphones.

2. **Courtesy and Decorum**: To the extent possible, remote trial participants should conduct themselves in the same way they would if they were physically present in a courtroom.  They should avoid interrupting someone who is speaking, except as necessary to raise an objection.  Virtual trial participants should silence electronic devices other than the devices necessary to their remote participation, close unnecessary computer programs or applications (such as email or calendar notifications), and take steps to remove or minimize anything in their remote workspace that might distract from the integrity of the proceedings.  The Court understands that conducting trial virtually, from one's home, for example, presents many challenges.  The Court asks all remote participants to do their best to maintain professionalism in order to conduct a fair and efficient trial.

3. **Objections**: Counsel should make their objections orally.  When an objection is made, the witness shall stop talking until the Court rules on the objection.

4. **Disconnection**: In the event that the Court, a party, an attorney of record, a witness, or anyone else necessary to the proceedings becomes disconnected from the remote trial, the trial will stop while the connection is reestablished.  If the participant has difficulty reconnecting, he or she should call or text Grant Cogswell.  In advance of calling a witness to the virtual stand, counsel must establish with the witness a protocol for contacting the witness in the event of disconnection and ensure that the alternative means of communication (*e.g.*, a cellular phone) is operational.

5. **Appropriate Dress**: Parties, witnesses, and counsel shall dress in the same manner as they would if they physically appeared in a courtroom.

6. **Screen Names**: Remote participants should endeavor to use a screen name in the ZoomGov.com platform that indicates their actual first and last names. As "host," the Court's Trial Coordinator will rename any participant whose screen name is incomplete, confusing, unprofessional, or otherwise improper.

**IT IS SO ORDERED.**

The clerk is ordered to provide copies of this order to all counsel.

Dated November 10, 2021.

Marsha J. Pechman
United States Senior District Judge